JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-2187 PA (OPx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | Lake Place Homes, LLC v. Tracy McDuffie, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Tracy McDuffie ("Defendant"). [Docket No. 1.] Plaintiff Lake Place Homes, LLC's ("Plaintiff") Complaint, filed in San Bernardino County Superior Court, asserts a single cause of action for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and civil rights removal jurisdiction, 28 U.S.C. § 1443(1).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## I.      Federal Question Jurisidction

Defendant claims that a number of federal securities and banking statutes were violated by Plaintiff when it originated and securitized Defendant's mortgage loan and foreclosed on Defendant's property. (See Notice of Removal at 15, 17.)

Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. Any defenses that Defendant might raise to this unlawful detainer action, or claims she might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-2187 PA (OPx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | Lake Place Homes, LLC v. Tracy McDuffie, et al. | | |

172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, the Court lacks federal question jurisdiction over this action.

## II. Civil Rights Removal

Finally, Defendant also contends that removal is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Defendant advances no argument as to why her civil rights will be denied in Los Angeles Superior Court, however. Rather, her Notice of Removal lodges a general attack the California system of nonjudicial foreclosure, as one that violates her rights to due process and access to courts.

Defendant fails to show that removal under 28 U.S.C. §1443(1) is appropriate because she has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [her] federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006). Although she generally asserts in her Notice of Removal that the state court proceedings will deprive her of her due process rights, she does not assert that any statute *commands* the state courts to ignore her federal rights. Conclusory allegations regarding her ability to enforce her rights in state court are insufficient to invoke the civil rights removal statute. See US Bank Nat. Ass'n v. Gutierrez Hernandez, 2010 U.S. Dist. LEXIS 113129, at *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court."); HSBC Bank USA v. Cabal, 2010 U.S. Dist. LEXIS 99741, at *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443[.]").

### Conclusion

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the San Bernardino County Superior Court, Case No. UDDS1204972. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.